IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEMAUREA DAVIS,                          :        Civil No. 3:25-cv-255
                                         :
                    Plaintiff            :        (Judge Mariani)
                                         :
          v.                             :
                                         :
LT. GALLOTA, et al.,                     :
                                         :
                    Defendants           :

## MEMORANDUM

Plaintiff Demaura Davis ("Davis"), an inmate confined at the United States

Penitentiary, Canaan, in Waymart, Pennsylvania, ("USP-Canaan"), initiated this action by

filing a letter with the Court.  (Doc. 1).  Davis also filed a motion for leave to proceed *in

forma pauperis*.  (Doc. 8).  Named as Defendants are various individuals presumably

employed at USP-Canaan.  (Doc. 1).  An initial screening of Davis's letter/complaint has

been conducted and, for the reasons set forth below, the Court will dismiss this action

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## I.    Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.

Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"factual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.

Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to

determine the sufficiency of a complaint: First, the court must take note of the elements a

plaintiff must plead to state a claim. Second, the court should identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth.

Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Davis proceeds *pro se,* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    Allegations of the Letter/Complaint

Davis initiated this action by filing a letter with the Court seeking to bring criminal charges against the Defendants. (Doc. 1). He explains that the instant action is intended to be a "Criminal Complaint/Police Report." (*Id.* at 1).

4

### III.    Discussion

#### A.    Federal Rule of Civil Procedure 3

Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.  Davis has failed to comply with this rule. Davis specifically states that he "[would] like this letter formatted as a criminal complaint/police report on named prison officials." (Doc. 1, at 1).  This action is therefore subject to dismissal for failure to comply with Federal Rule of Civil Procedure 3.

#### B.    *Bivens* Action

For present purposes, because Davis is a federal inmate housed at USP-Canaan, the Court construes Davis's action as raising a claim pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for a violation of his civil rights.

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975).  To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law.  *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

Davis seeks to have federal criminal charges issued against Defendants for violating his civil rights. (Doc. 1).  The Court finds that Davis's claim demanding that the Court file criminal charges on his behalf against the Defendants is not cognizable under any federal law, specifically, 28 U.S.C. § 1331.  *See Leeke v. Timmerman*, 454 U.S. 83, 85-87 (1981);

*Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another"); *see also Maine v.

Taylor*, 477 U.S. 131, 137 (1986); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985); *Sanders v.

Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) ("[T]he District Court correctly reasoned that

there is no constitutional right to the investigation or prosecution of another.").  Additionally,

the Court has no authority to grant, as relief, the initiation of any criminal prosecution

against the Defendants*.*  It is well-established that decisions regarding the filing of criminal

charges are the prerogative of the executive branch of government and are assigned to the

sound discretion of prosecutors.  *See Wayte v. United States*, 470 U.S. 598, 607 (1985)

(recognizing that the exercise of prosecutorial discretion is a matter "particularly ill-suited to

judicial review").

Therefore, this claim will be dismissed with prejudice, in its entirety, for failure to

state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

and 1915A(b)(1).

## IV.    **Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison

Litigation Reform Act] should receive leave to amend unless amendment would be

inequitable or futile."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

The Court finds that amendment would be futile because Davis cannot remedy the

deficiency in his complaint: that he may not use this civil lawsuit as a vehicle for instituting a criminal prosecution against the named Defendants.

## V.     Conclusion

Based on the foregoing, the Court is confident that service of process is unwarranted in this case, and the action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 27, 2025